UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGUSTIN GONZALEZ ROSETE,

Plaintiff,

– against –

REAL ROYAL INC., and NORBERTO
HERNANDEZ,

Defendants.

**ORDER & OPINION**

25-cv-4848 (ER)

RAMOS, D.J.:

Agustin Gonzalez Rosete ("Gonzalez Rosete") brought this action against Real Royal Inc. and Norberto Hernandez on June 10, 2025.  Doc. 2.  He alleged violations of the Fair Labor Standards Act ("FLSA") and various provisions of the New York Labor Law.  *Id.* ¶¶ 40–68.  Gonzalez Rosete alleged that Defendants failed to pay him the minimum wage and overtime premiums for hours Defendants required him to work, failed to provide him a regular wage statement, and failed to provide him a wage notice he was initially hired.  *Id.* ¶¶ 28–30.  Gonzalez Rosete argues that he is entitled to unpaid back wages, overtime premium, spread of hours pay, damages for failure to provide required wage notices and regular wage statements, as well as pre-judgment interest.  *Id.* at 9–10.  Before the Court is the parties' motion for approval of their settlement agreement.  Doc. 27.  For the following reasons, the motion for settlement approval is DENIED.

## I.    LEGAL STANDARD

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport*

*Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorney's fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

## II.    DISCUSSION

The proposed settlement agreement lacks the information necessary for the Court to conduct its review pursuant to *Cheeks*.  The proposed settlement agreement provides a total recovery of $90,000.  Doc. 27-1 at 2.  Pursuant to the agreement, Gonzalez Rosete's

counsel will receive $29,650 in attorney's fees and costs. *Id.* at 2–3.[1] After attorney's fees and costs, Gonzalez Rosete will receive $60,350 over the course of an initial payment and twenty monthly-installment payments. *Id.* at 3.[2]

First, Gonzalez Rosete does not provide the Court with estimates regarding his maximum potential recovery were he to prevail on all the issues at trial. *See Lopez*, 96 F. Supp. 3d at 176 ("At a minimum, the Court requires . . . the bases of the estimates of plaintiffs' maximum possible recovery . . . ."). Accordingly, the Court does not have the information it needs to determine whether the proposed settlement amount is fair and reasonable. *See Cheeks*, 796 F.3d at 201; *Khan v. Young Adult Institute, Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases wherein the reasonableness of FLSA settlements is determined by comparing the settlement amount to a plaintiff's maximum recovery).

Second, Gonzalez Rosete does not provide the Court with his counsel's billing records or hourly rates. Gonzalez Rosete indicates that his counsel would receive $29,650, which represents 33% of the settlement amount. *Id.* at 2–3. This amount is reasonable as a percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019).

---

[1] The settlement agreement structures the payment of attorney's fees as follows: Gonzalez Rosete's counsel would initially receive one payment of $11,500 and payments of $907.500 monthly for twenty months. Doc. 27-1 at 2–3.

[2] The settlement agreement structures Gonzalez Rosete's payments as follows: Gonzalez Rosete's would be paid separately for (a) alleged back wages, and (b) alleged liquidated damages, emotional damages, and non-wage damages. Doc. 27-1 at 2–3. For each of the two groups of damages, Gonzalez Rosete would initially receive one payment of $11,750 and payments of $921.25 monthly for twenty months. *Id.* at 2–3.

"Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorney's fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). Without Gonzalez Rosete's counsel's billing records, there is no basis on which the Court can perform this cross check and assess the reasonableness of the fees. *See Lopez*, 96 F. Supp. 3d at 181–82 (requiring the submission of contemporaneous billing records for the Court to assess the proper lodestar).

The Court finds the settlement agreement is otherwise reasonable. It includes no objectionable confidentiality provisions, and the release appropriately discharges claims only relating to this case. *See id.* at 5–6.[3]

## III.    CONCLUSION

For the foregoing reasons, the motion for settlement approval is DENIED. The parties are therefore instructed to do one the following by February 6, 2026:

- Submit a revised motion for settlement approval to the Court. The revised motion and supporting documents shall provide: (1) clear and explicit indications regarding Gonzalez Rosete's maximum potential recovery and the component parts of that estimate, and (2) billing documentation substantiating the requested attorney's fees; or

---

[3] The "Scope of Waiver of Claims" section of the settlement agreement indicates that "Plaintiff agrees that he has released Defendants' Releasees from any and all liability arising from the laws, statutes, and common law listed in Paragraph 4, above." Doc. 27-1 at 6. Paragraph 4 of the settlement agreement has no such list of laws. *See id.* at 5. However, the Court understands this language to instead refer to Paragraph 5, which is the only paragraph which lists the legal claims that Plaintiff releases. *Id.* at 5–6.

- File a joint letter on or before February 6, 2026 that indicates the parties' intention to abandon settlement.

- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.


Dated:    January 16, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.