UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGUSTIN GONZALEZ ROSETE,

                    Plaintiff,

        – against –

REAL ROYAL INC., and NORBERTO
HERNANDEZ,

                    Defendants.

**ORDER & OPINION**

25-cv-4848 (ER)

RAMOS, D.J.:

Agustin Gonzalez Rosete ("Gonzalez Rosete") brought this action against Real Royal Inc. and Norberto Hernandez on June 10, 2025. Doc. 2. He alleged violations of the Fair Labor Standards Act ("FLSA") and various provisions of the New York Labor Law. *Id.* ¶¶ 40–68. Gonzalez Rosete alleged that Defendants failed to pay him the minimum wage and overtime premiums for hours Defendants required him to work, failed to provide him a regular wage statement, and failed to provide him a wage notice he was initially hired. *Id.* ¶¶ 28–30. Gonzalez Rosete argues that he is entitled to unpaid back wages, overtime premium, spread of hours pay, damages for failure to provide required wage notices and regular wage statements, as well as pre-judgment interest. *Id.* at 9–10. On January 14, 2026, Gonzalez Rosete filed a motion to approve a settlement agreement, Doc. 27, which the Court denied due to the failure to include information necessary for the Court to conduct a review, namely Gonzalez Rosete's maximum potential recovery and billing records for Gonzalez Rosete's counsel. Doc. 28. Before the Court is Gonzalez Rosete's amended motion to approve a settlement agreement. Doc. 29. For the following reasons, the motion is GRANTED.

## I.    LEGAL STANDARD

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorney's fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

## II.    DISCUSSION

### A.  Range of Recovery

The proposed settlement agreement provides a total recovery of $90,000.  Doc. 29-1 at 2.  Pursuant to the agreement, Gonzalez Rosete's counsel will receive $29,650 in attorney's fees and costs.  *Id.* at 2–3.[1]  After attorney's fees and costs, Gonzalez Rosete will receive $60,350 over the course of an initial payment and twenty monthly-installment payments.  *Id.*[2]

Based on the records produced in discovery, Gonzalez Rosete estimates that his maximum recovery would be approximately $84,340.  Doc. 29 at 4–5.  Gonzalez Rosete estimates he is entitled to recover $37,170 in unpaid overtime.[3]  Including liquidated damages, Gonzalez Rosete's unpaid overtime damages total $74,340.  *Id.*  Gonzalez Rosete estimates that he is entitled to recover an additional $10,000 in liquidated damages for the wage notice and wage statement claim.  *Id.*

In evaluating the fairness of a settlement agreement to a plaintiff under *Cheeks*, Courts in this circuit have approved FLSA settlements ranging from 25% to 40% of a plaintiff's maximum recovery.  *See Khan v. Young Adult Institute, Inc.,* No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases). "Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate

---

[1] The settlement agreement structures the payment of attorney's fees as follows:  Gonzalez Rosete's counsel would initially receive one payment of $11,500, and payments of $907.50 monthly for twenty months. Doc. 29-1 at 2–3.

[2] The settlement agreement structures Gonzalez Rosete's payments as follows:  Gonzalez Rosete's would be paid separately for (a) alleged back wages, and (b) alleged liquidated damages, emotional damages, and non-wage damages.  Doc. 29-1 at 2–3.  For each of the two groups of damages, Gonzalez Rosete would initially receive one payment of $11,750 and payments of $921.25 monthly for twenty months.  *Id.*

[3] Gonzalez Rosete states that he is owed $1,282.50 in damages for 2020; $2,677.50 for 2021; $8,673.75 for 2022; $8,587.50 for 2023; $11,724.00 for 2024; and not less than $4,224.75 for 2025.  Doc. 29 at 4.

3

indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.,* No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted).

The Court finds that the proposed settlement amount is fair and reasonable.  Under the proposed settlement, Gonzalez Rosete would receive a larger sum than his maximum recovery.  Additionally, there is value to Gonzalez Rosete receiving a settlement without experiencing the risks and delays inherent in litigation.  This is especially true given:  (1) Defendants' dispute as to the hours Gonzalez Rosete allegedly worked, Doc. 29 at 3, and (2) concerns as to Defendants' ability to pay a future judgment after protracted litigation due to their "financial instability," *see* Doc. 29 at 3; *see also id.* at 6 ("Defendants' ability to pay any settlement or judgment was a genuine concern for Plaintiff.").  Furthermore, the settlement resulted from arm's length negotiations in which the parties were represented by experienced attorneys in wage and hour litigation.  Doc. 29 at 5–6.

In light of the above-mentioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Gonzalez Rosete.  *See Garcia v. Good for Life by 81, Inc.,* No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)).  Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B.  Attorneys' Fees & Costs

The Court concludes that the proposed attorneys' fees and costs are reasonable.  Gonzalez Rosete indicates that his counsel would receive $29,650, which represents 33%

4

of the settlement amount.  Doc. 29 at 7; *see* Doc. 29-1 at 2–3.  This amount is reasonable as a percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases."  *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019).

"Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorney's fees."  *Id.*  "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'"  *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Gonzalez Rosete's counsel has submitted billing records for one attorney in this case:  Steven Ross, attorney at Ross & Asmar LLC with 32 years of experience, who bills at a rate of $625 per hour.  Docs. 29-3 and 29 at 7–8.  As to Ross, the Court finds that the hourly rate of $625 is reasonable, as it is commensurate with other similarly experienced senior attorneys.  *See e.g.*, *Campbell v. Bukhari Group LLC*, No. 22-CV-2813 (PK), 2025 WL 1874485, at *8 (E.D.N.Y. July 8, 2025) (approving an hourly rate of $700 for a senior arttorney); *See Williams v. Epic Security Corp.*, 368 F. Supp. 3d 651 (S.D.N.Y. 2019) (approving an hourly rate of $600 for an attorney with 32 years of experience handling wage-and-hour cases).

The records indicate that Ross spent 60.6 hours on the case, resulting in a total lodestar of $37,875.[4]  The requested $29,650, compared to the lodestar of  $38,875,

---

[4] Despite indicating that Attorney Ross's hourly rate is $625; the provided billing records state that his 60.6 hours of work amounted to a $37,670 bill, rather than the $37,875 that a $625 hourly rate would require. Doc. 29-3.  Regardless, this difference is minimal and does not impact the Court's analysis.

results in a lodestar multiplier of 0.78. Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fee cases in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court finds that $29,650 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds other provisions of the settlement agreement to be fair and reasonable. It includes no objectionable confidentiality provisions, and the release appropriately discharges claims only relating to this case. *See* Doc. 29 at 5–6;[5] *see also* *Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021) ("[F]actors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues, a non-disparagement provision that prevents a plaintiff from making truthful statements about her experience litigating the case, and a confidentiality clause that has the same effect."); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

---

[5] The "Scope of Waiver of Claims" section of the settlement agreement indicates that "Plaintiff agrees that he has released Defendants' Releasees from any and all liability arising from the laws, statutes, and common law listed in Paragraph 4, above." Doc. 29-1 at 6. Paragraph 4 of the settlement agreement has no such list of laws. *See id.* at 5. However, the Court understands this language to instead refer to Paragraph 5, which is the only paragraph which lists the legal claims that Plaintiff releases. *Id.* at 5–6.

## III.    CONCLUSION

For the foregoing reasons, the motion for settlement approval is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 29, and close the case.

It is SO ORDERED.

Dated:    February 12, 2026
    New York, New York

            EDGARDO RAMOS, U.S.D.J.